UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:26-cv-02033-MWC-SSC | Date: March 3, 2026 |
| Title:   X.L. v. Fereti Semaia *et al.* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Petitioner's *Ex Parte* Application for Temporary Restraining Order (Dkt. [4])**

Before the Court is Petitioner X.L.'s ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") mandating Respondents Fereti Semaia, Ernesto Santacruz, Todd M. Lyons, Kristi Noem, and Pamela Bondi (collectively, "Respondents")[1] to release him from custody, enjoining Respondents from re-detaining him absent notice and a pre-deprivation hearing, and prohibiting Respondents from removing Petitioner from the country during the pendency of his habeas proceedings. *See* Dkt. # 4 ("*App.*").  Respondents did not file a formal opposition but instead submitted a "Response" averring that Petitioner is entitled to only a bond hearing rather than immediate release from detention.  *See* Dkt. # 8 ("*Response*").

The Court issued a standing order on February 26, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application.  *See* Dkt. # 5.

For the reasons set forth below, the Court **GRANTS** the Application.

---

[1] The Application lists Fereti Semaia as the Warden of the Desert View Detention Facility for U.S. Customs and Immigration Enforcement ("ICE"), Ernesto Santacruz as the Director of the Los Angeles ICE Field Office, Todd M. Lyons as the Acting Director of ICE, Kristi Noem as the Secretary of the Department of Homeland Security ("DHS"), and Pamela Bondi as the Attorney General of the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:26-cv-02033-MWC-SSC                                                                Date: March 3, 2026

Title:       X.L. v. Fereti Semaia *et al.*

I.      Background

Petitioner is a 48-year-old native and citizen of China. *App.* 9. He is married, and his wife and 11-year-old daughter reside in China. *Id.* Prior to his detention, Petitioner lived in Beaumont, California, with his sister-in-law (a lawful permanent resident) and her husband (a United States citizen). *Id.* Before his arrest, Petitioner cared for his sister-in-law's children at home and maintained close contact with his wife and daughter abroad. *Id.* Petitioner has a valid Employment Authorization Document and does not have any criminal record. *Id.*

Petitioner entered the United States on April 17, 2024, through the U.S.-Mexico border. *Id.* After detention for one day at the border, immigration authorities released him with instructions regarding how and where to report to immigration authorities. *Id.* After his release, Petitioner enrolled in Intensive Supervision Appearance Program ("ISAP") reporting. *Id.* 9–10. Under ISAP, Petitioner was required to take weekly photographs, answer phone calls, and comply with home visits. *Id.* 10. On one occasion, immigration authorities instructed Petitioner that he would receive a phone call at a specific time, but he received no call. *Id.* Immigration authorities instead called later at a different time while Petitioner was out of the house. *Id.* On another occasion, after he changed his address, officers attempted to call him but the phone did not ring. *Id.* Still, immigration authorities told him that this instance did not constitute a violation. *Id.* After this incident, immigration authorities changed his reporting requirements to home visits, with which Petitioner always complied. *Id.*

On December 3, 2025, Petitioner appeared in person at a scheduled ICE appointment check-in. *Id.* There, plain clothes officers lacking any identification handcuffed Petitioner and informed him that he was under arrest but did not explain the reason for his arrest. *Id.* After immigration officers held him for several hours, they transported Petitioner to the Desert View Detention Facility, where Petitioner has remained since. *Id.* In detention, he has experienced frequent illnesses, developed rashes, and suffered from emotional distress. *Id.*

Petitioner has a pending asylum application filed in June 2024, with an upcoming hearing scheduled for March 6, 2026. *Id.* 10–11. Petitioner fears that he would be killed if immigration authorities forced him to return to China. *Id.* 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:26-cv-02033-MWC-SSC　　　　　　　　　　　　Date: March 3, 2026

Title:　　X.L. v. Fereti Semaia *et al.*

II.　　Legal Standard

　　A.　　*Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

　　B.　　Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:26-cv-02033-MWC-SSC            Date: March 3, 2026

Title:     X.L. v. Fereti Semaia *et al.*

fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III.    Discussion

       A.     *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since December 3, 2025, without receiving even a bond hearing to contest his detention. If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days. Though Petitioner could have sought the TRO sooner, the fact that he provided ICE time to give him some additional due process cannot cut against him. However, after months in continued detention without the requisite process, *ex parte* relief is warranted.

       B.     Request for Release from Detention

           i.     *Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of his request for release from detention. He argues that immigration authorities deprived him of the procedural protections that the Due Process Clause of the Constitution requires. *See App.* 16. "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 242 U.S. 319 (1976). *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004). There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:26-cv-02033-MWC-SSC | Date: March 3, 2026 |
| Title:   X.L. v. Fereti Semaia *et al.* | |

Regarding the first factor, Petitioner has a reliance interest on the "implied promise" that immigration authorities would not revoke his liberty, and that reliance was justifiable given his compliance with all conditions applicable to his release. *Cf. Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). Petitioner's detention also impedes his ability to maintain gainful employment, for which he has authorization. Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, Petitioner notes that he received no pre-deprivation process of any kind. *See App.* 19. "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation." *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025). For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Still, the Court must consider the government's interests. Though the government has an interest in the steady enforcement of its immigration laws, the government's interest in detaining Petitioner without any procedural protections is slight. *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)). Moreover, custody hearings for immigration detention are routine and impose a "minimal" cost on the government. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

Respondents contest Petitioner's request for release from detention by arguing that he should instead receive a bond hearing under 8 U.S.C. § 1226(a). *See Response* 2. They state that "Petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM" and admit that Petitioner is entitled to a bond hearing. *See id.* What Respondents fail to address, however, is that a bond hearing constitutes post-deprivation relief, which has no bearing on whether Respondents provided the requisite pre-deprivation relief. *See Lucena-Ojeda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty." (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323–24 (W.D. Wash. 2025))). Accordingly, Petitioner's entitlement to a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:26-cv-02033-MWC-SSC | Date: March 3, 2026 |
| Title: X.L. v. Fereti Semaia *et al.* | |

For these reasons, Petitioner has shown a likelihood of success on the merits of his request for immediate release from detention.

### ii. Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)). Since denying Petitioner's Application would continue to deprive him of liberty without due process and subject him to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

### iii. Balance of Equities and Public Interest

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Esmail v. Noem*, No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030590, at *9 (C.D. Cal. Sept. 12, 2025); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-02033-MWC-SSC                                        Date: March 3, 2026

Title:  X.L. v. Fereti Semaia *et al.*

IV. <u>Bond Requirement</u>

    Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'"  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)).  "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.* (cleaned up).  "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'"  *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

    Since the Court is ordering Respondents to follow the governing law, bond is unnecessary.  *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law.  No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V. <u>Conclusion</u>

    For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents must release Petitioner immediately under the same conditions Petitioner was subject to prior to his December 3, 2025, detention.
2. Respondents are enjoined from re-detaining Petitioner without providing notice and a pre-deprivation hearing.
3. Respondents are enjoined from transferring Petitioner outside of the Central District of California pending final resolution of his case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:26-cv-02033-MWC-SSC                                      Date: March 3, 2026

Title:    X.L. v. Fereti Semaia *et al.*

     The Court **ORDERS** Respondents to show cause in writing no later than 7 days after this Order as to why a preliminary injunction should not issue.  Petitioner may file a response no later than 7 days after Respondents' filing.

**IT IS SO ORDERED.**

                                                                                                                          :

**Initials of Preparer**    TJ